124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene A. SCHMITZ, Sr., Defendant-Appellant.
 No. 96-3672.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 7, 1997.
Decided Aug. 7, 1997.*
 
 Appeal from the United States District Court for the Eastern District
 Hon. RICHARD A. POSNER, Chief Judge Hon. FRANK H. EASTERBROOK, Circuit Judge Hon. DANIEL A. MANION, Circuit Judge of Wisconsin.
 CURRAN, Judge.
 
 ORDER
 
 1
 In 1996 Eugene Schmitz pleaded guilty to charges of conspiring to distribute cocaine and launder money. He participated in the conspiracy undeterred by the fact that he was already serving a 60-month sentence on a 1994 federal conviction for a marijuana distribution conspiracy. At sentencing for the new offenses the district court added a two-level enhancement for Schmitz's supervisory role, U.S.S.G. § 3B1.1(c), and imposed a consecutive 68 months of imprisonment. Schmitz has now discharged his retained counsel and appeals pro se, challenging only the supervisory role enhancement. We affirm.
 
 
 2
 The essential background facts are undisputed. Up until he went to prison on the marijuana conviction, Schmitz purchased substantial quantities of cocaine from Frank Cranshaw and sold them to Judy LaMacchia. So that the business might continue in his absence, he made various introductions, first arranging with Cranshaw for his then wife, Elaine Schmitz, to take his place as buyer. He instructed her to refer to Cranshaw as "Sam" and the transactions as "golfing." Schmitz also introduced Elaine to LaMacchia, who agreed to purchase cocaine from Elaine. While Schmitz was in prison, he was recorded encouraging his wife in telephone conversations to go "golfing" with Cranshaw. In mail correspondence, Schmitz and Elaine also discussed methods of concealing the drug proceeds. Elaine purchased a number of money orders with the drug profits and sent them to Schmitz's prison commissary account for his personal use.
 
 
 3
 We review the district court's factual findings concerning Schmitz's aggravated role in the offense for clear error. United States v. Johnson-Dix 54 F.3d 1295, 1309 (7th Cir.1995). U.S.S.G. § 3B1.1(c) provides for a two-level enhancement where the defendant "was an organizer, leader, manager, or supervisor in [the] criminal activity." The guideline does not define these roles, but the commentary lists several factors to be used in evaluating the defendant's degree of responsibility, such as the exercise of decisionmaking authority and the recruitment of accomplices. Id., comment (n.4). "The central purpose of § 3B1.1 is to punish a defendant for his relative responsibility within a criminal organization. Hence, no single factor is essential to determining whether a sentence should be adjusted under § 3B 1.1." United States v. Fortes, 51 F.3d 663, 665 (7th Cir.1995) (citations omitted).
 
 
 4
 Relying on several of the factors listed in the commentary, the district court determined that Schmitz qualified for the enhancement because he had engaged in recruitment and organizational aspects of the offense, had exercised decisionmaking authority, and had enjoyed a relatively large share of the profits. Schmitz portrays himself as a mere intermediary or "steerer" who directed a willing buyer to a willing seller. But, as the district court's findings reflect, he seriously understates the significance of his role in the offense. Not only did he establish the drug supply line in the first instance, but he exercised ongoing authority by making the necessary introductions to continue it in his absence, instructing the participants on the code words to be used, encouraging the transactions from behind bars, and consulting with Elaine on concealing the proceeds. Although no single factor here has decisive weight, when considered collectively there is no question Schmitz was reasonably held accountable as more than a mere participant.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)